# Richmond.

84  553
90  395

## NORFOLK & WESTERN R. R. CO. v. IRVINE.

### FEBRUARY 16th, 1888.

1. RAILROADS—*Refusal to carry baggage—Penalty—Damages.*—Plaintiff injured by railroad company's refusal to carry his baggage, is not limited to a recovery of a penalty prescribed for such refusal by Code 1873, ch. 61, § 17, but may recover the amount of the actual damage.   Code 1873, ch. 145, § 5.

2. IDEM—*Reasonable rules—Wearing apparel.*—Railroad company may make all reasonable rules for conducting its affairs.   A rule is reasonable that it will carry as baggage only the passenger's wearing apparel on passenger trains; and plaintiff, who being in the habit of carrying his peddler's wares as baggage, declined to certify that "his trunk contained nothing except wearing apparel," is not entitled to damages for the company's refusal to carry such trunk.

Error to judgment of circuit court of Wythe county, rendered March 6th, 1887, in the action of trespass on the case wherein the defendant in error, Irvine, is plaintiff, and the Norfolk & Western railroad company is defendant.   The object of this action was to recover damages for the refusal of the defendant company to check his trunk to Lynchburg after selling him a ticket as a passenger over its road to said city. Plaintiff got a verdict for $500.   This the defendant moved the court to set aside and grant it a new trial.   The court overruled this motion and gave judgment on the verdict.   Thereupon the company brought the case by a writ of error to this court.   Opinion states the case.

VOL. LXXXIV—70

*Wm. H. Bolling*, for the plaintiff in error.

*D. S. Pierce*, for the defendant in error.

LACY, J., delivered the opinion of the court.

The first assignment of error here necessary to be considered, is the refusal of the court to give the third instruction asked for by the defendant company, which is as follows: "No. 3. The court instructs the jury that if they should believe from the evidence that the plaintiff is entitled to recover anything, then the measure of his damages is fixed by the statute at not less than twenty-five, nor more than one hundred dollars." This instruction was properly refused. Such penalty is prescribed by the seventeenth section of chapter 61, of the Code, but this is not the measure of damages in an action for injuries against such company. This is the penalty prescribed by law for failure to transport or deliver property offered for transportation. But by the fifth section of chapter 145 of the Code the measure of damages in an action for injuries is prescribed as follows: "Any person injured by the violation of any statute may recover from the offender such damages as he may sustain by reason of the violation, although a penalty or forfeiture for such violation be thereby imposed, unless the same be expressly mentioned to be in lieu of such damages." Code, p. 995; *Telegraph Co.* v. *Reynolds*, 77 Va., 178—which disposes also of the demurrer of the defendant to the plaintiff's declaration upon the ground that the recovery being fixed by statute, the same was recoverable by motion or action, and, if the plaintiff elected to proceed by action, such action should have been debt, and the amount of recovery fixed by the court.

The next assignment of error is as to the refusal of the court to set aside the verdict of the jury, and grant a new trial because it is not proved nor attempted to be proved that the

plaintiff received any damage or injury. The evidence shows that the plaintiff had been what is known as a traveling auctioneer or peddler, and had been accustomed to carry his merchandise, as such auctioneer or peddler, in trunks as baggage, paying for same as extra or excess of baggage over the 150 pounds of baggage allowed by the eighteenth section of chapter 61 of the Code; that the company had instructed its employees not to check such goods in the future as baggage; that the agent did not refuse to check the baggage or trunk outright, but required the plaintiff to sign a written statement which was tendered him, to the effect: "I certify that my trunk contains nothing but wearing apparel"; that the regulations of the company forbade the checking of the trunks of traveling auctioneers, unless they would furnish satisfactory proof of what the trunks contained; that Irvine had been engaged in such business, and that it was not known to the company or its agent that he had ceased to do that business, and that the plaintiff did not say that he had ceased to do business in June of that year.

That a railroad company may make all reasonable rules for the conduct of its affairs is well settled. This reasonableness will be dependent upon the circumstances of the case and the rulings of the court, applying the law to the facts; and these rules must not only be reasonable, but they must be reasonably construed. A company such as this is bound to carry baggage, within the limit provided by law, and is also bound to carry all proper freights, such as the merchandise of licensed auctioneers; but it is reasonable and judicious to provide for carrying freight and heavy burdens on separate trains, equipped for the purpose, and the company cannot be required to transport merchandise or other freight, not baggage, on its passenger trains, which have not been equipped for such use; and the plaintiff having exacted such service of these trains, as a traveling merchant, if he had ceased such employment and business it was a simple and easy

act for him to so certify. A carrier of passengers is only required to carry baggage under a certain weight, and may by by-law or otherwise restrict the amount to be carried for any one passenger, so the limit does not rest below that fixed by the statute; and may also refuse to carry anything as luggage, except the passenger's ordinary personal luggage. 3 Wood, R'y Law, 1512; *Phelps* v. *Railway Co.*, 19 C. B. (N. S.), 321. "And a railway company may refuse to carry merchandise as personal luggage, or anything except what is useful and necessary, or useful for the passenger's personal comfort and convenience." *Collins* v. *Railroad Co.*, 10 Cush., 606; *The Ionie*, 6 Blatchf., 538; *Dibble* v. *Brown*, 12 Ga., 217; *Smith* v. *Railroad Co.*, 44 N. H., 325; *Hawkins* v. *Hoffman*, 6 Hill, 586; *Doyle* v. *Kiser*, 6 Ind., 242; *Merrill* v. *Grinnell*, 30 N. Y., 594; *Stimson* v. *Railroad Co.*, 98 Mass., 83. It has been decided in a multitude of cases that a passenger cannot carry merchandise in his baggage to avoid the payment of freight upon it, and recover for its loss against the company; and this rule extends to samples carried by a traveling salesman while upon the road. Thomp. Carr., 511, and cases cited. If the company could not be required to carry merchandise as baggage, was it unreasonable to require of a traveling merchant, accustomed to carry merchandise in trunks, against the rules of the company, as baggage, to certify that his trunk tendered as baggage did not contain merchandise, but only wearing apparel? It is not necessary in this case to consider what is luggage or baggage, but the same has been often defined and is well understood. We think the evidence shows that the plaintiff was not damaged or injured in any way by the company. Whatever inconvenience he suffered he imposed upon himself, and the circuit court erred in overruling the motion of the defendant to set aside the verdict, and grant a new trial, and the said judgment of the said circuit court of Wythe county will be reversed and annulled.

JUDGMENT REVERSED.