# Wytheville.

## N. & W. R. R. Co. v. Irvine.

August 9th, 1888.

1. CARRIERS—*Baggage—Contents—Proof—Refusal to check.*—Passenger in habit of carrying merchandise in his trunk, against carrier's rules, may be required to prove contents as condition of receiving and checking it.

2. IDEM—*Affidavit—Damage suit—Aid of court.*—Passenger, known to carrier as being in the habit of carrying merchandise in his trunk, offers his trunk, containing only wearing apparel, to be checked, for the purpose of having carrier refuse, without an affidavit as to its contents, which affidavit he intended not to give; and so lay foundation for a damage suit;

HELD:

> Without deciding as to the reasonableness of requiring an affidavit, passenger is not in a position to take advantage of it, because engaged in an effort to make money out of carrier by unlawfu means, which will not be aided by a court of justice.

3. IDEM—*Refusal to transport—Instruction—Obscurity.*—In action for refusal to receive and check plaintiff's trunk, an instruction is erroneous, which leaves it doubtful whether the occasion alluded to therein as that when plaintiff had *not* endeavored to deceive defendant, was the occasion mentioned in the declaration, or some other.

Error to judgment of circuit court of Wythe county, rendered March 13th, 1886, in an action on the case wherein L. S. Irvine was plaintiff and the Norfolk & Western Railroad Company was defendant. Verdict and judgment being for plaintiff for $500, and the defendant company having excepted to several rulings of the circuit court during the trial, and having moved the court to set aside the verdict and grant it a new trial, and excepted to the judgment of the court overruling the motion;

and the court having certified all the evidence in the case, the said company brought the case on writ of error to this court. Opinion states the case.

*William H. Bolling,* for the plaintiff in error.

*James A. Walker,* and *Robert Crockett,* for the defendant in error.

HINTON, J., delivered the opinion of the court.

This was an action of trespass on the case to recover damages for the alleged wrongful refusal of the defendant company to check the plaintiff's trunk from Wytheville to the town of Marion, after it had sold him a ticket as a passenger over its road from the former to the latter station.

A verdict was returned for the plaintiff for $500. In the progress of the trial the defendant twice excepted. .

The first exception is to the action of the court in refusing to give an instruction as asked by the defendant, and in giving the same instruction with a modification, and in also giving an instruction asked by the plaintiff.

As to the first of these instructions complained of, it is only necessary to say that it correctly propounds the law applicable to the facts of this case as viewed from the standpoint of the defendant. That instruction is in these words:

"The court instructs the jury that the defendant company has a right to inquire of any passenger who offers a trunk to be transported over its road, whether such trunk contains his personal baggage ; and where such a passenger has been in the habit of taking with him, in his trunk, and having carried in this way, articles of merchandise contrary to the uses and regulation of the defendant company, the carrier has a right to require him to furnish satisfactory proof of what his trunks contain, and upon his refusing or declining to furnish such proof,

the carrier, in this case the defendant, is warranted in refusing to receive and check such trunks as baggage, and will not be liable in damages to such passenger, in this case to the plaintiff, for such refusàl."

As to the second instruction complained of, which it can serve no good purpose for us to set out at large, it is not only obscurely expressed, but misleading in this, that it leaves the matter in doubt whether the occasion alluded to therein as the time when "the plaintiff had not endeavored to deceive the defendant company by having his merchandise carried as baggage, contrary to the rules and regulations of the company," was the occasion mentioned in the plaintiff's declaration, or some other and former occasion. It was, therefore, error on the part of the court not to have refused it altogether, or, if it desired to give it, not to have so amended it as to make it appear that the occasion alluded to in the instruction was some other occasion than that stated in the declaration as the time when the defendant company had refused to check the plaintiff's trunk. *Balt. & Ohio R. R. Co.* v. *Polly, Woods & Co.*, 14 Gratt. 447; *Rosenbaum* v. *Weeden, Johnson & Co.*, 18 Id. 785; *Boswell's Case*, 20 Id. 860. The regulation requiring an affidavit, whether reasonable or not, a point which we purposely decline now to decide, was necessitated in large measure by the habitual conduct of this plaintiff in evading its regulations by carrying merchandise as baggage, and the question, therefore, which ought to have been put to the jury was, not whether they believed from the evidence that the plaintiff was attempting to evade the company's regulation in regard to the carrying of merchandise at the date specified in the declaration, but whether they believed from the evidence that he had been guilty of such acts of evasion on some former occasion or occasions. For it was only in the event that he had been guilty of these offenses on previous days and times, that the regulation required that he should make affidavit that the trunks only contained his wearing apparel. But this is not the only error in this case, for the court also erred in refusing to set aside

the verdict and award the defendant a new trial; and this constitutes the defendant's second ground of exception. For, as the record plainly shows, this is but one of a series of systematic efforts on the part of this plaintiff to mulct this company in damages for its refusal to allow him to carry merchandise to be sold at auction, under the head of wearing apparel. One of these cases we had occasion to consider at the last term of this court. *Norfolk & Western R. R. Co.* v. *Irvine,* 84 Va. 553. In that case this court, speaking through Judge Lacy, held that one who was in the habit of transporting his peddler's wares as baggage, who refused to state that his trunk, offered for transportation, contained nothing but wearing apparel, has no cause of action for damages for refusal to carry such trunk. And it, the court, held further, that a regulation requiring any such auctioneer or peddler to sign a certificate stating that his trunk contained nothing but his wearing apparel, was a reasonable regulation.

It is sought to distinguish this case from that, and, indeed, in the mere mode by which the plaintiff seeks to entrap the defendant into furnishing him an excuse for bringing an action for damages, there is a difference between the cases, but it is a difference neither to the credit nor advantage of the plaintiff. In the former case his object was to compel the defendant company to carry his merchandise as mere baggage on the passenger instead of the freight train, and, failing in that, to mulct it in damages. In this present case he has adopted another device for making money out of this company. Having first shown the company that his habit was to impose upon them, and to set at defiance their reasonable regulation in regard to the train by which merchandise freight should be carried, he then brings this same trunk, with nothing in it, so far as the evidence shows, but some old articles of dirty wearing apparel, and insists that it shall be checked, for the patent purpose of having the agent refuse to check it unless he shall sign an affidavit as to its contents, which he has already determined not to sign, and then to

make such refusal the foundation for an action against the company. The point of difference, however, relied upon by the counsel for the plaintiff, as distinguishing this case from the one heretofore decided by this court, is not that to which I have just adverted, but is that in this case an affidavit, and not a certificate as to the contents of the trunk, was required of the plaintiff, and that such a regulation is unreasonable.

In answer to this objection, it is sufficient to say that, whether such a regulation is reasonable or not, a question which we decline to decide in this case, the plaintiff is not in a position to take advantage of that circumstance. For, as the evidence produced by himself abundantly proves, he was engaged in an unjust and iniquitous effort to make money out of this company by unlawful means; and in such an effort he can never receive the aid of a court of justice. As the record shows, he had at this very time no less than four suits against this company, of a character similar to one or the other of the cases mentioned herein, and his statement that he was on his way to Marion to bring away goods that he had there, is utterly disproved by the circumstance that, according to his own testimony, up to trial of this case he had never gone to Marion, or brought any goods away from there; nor has he ever shown that he had any goods there. He thus stands convicted of a glaring attempt to make money out of this company by anything but lawful means, and, as we have said before, in such an attempt he can never receive either the countenance or aid of any court of justice.

It follows that the judgment of the circuit court is erroneous and must be reversed, and the suit of the plaintiff must be dismissed.

JUDGMENT REVERSED.