## VANSANT AND GUSLER, INCORPORATED

### V.

## JAMES R. WASHINGTON, ET AL.

Record No. 921223

April 16, 1993

Present: All the Justices

Marshall T. Bohannon, Jr. (Bohannon, Bohannon & Hancock, on brief), for appellant.

Robert E. Brown (Howell, Daugherty, Brown & Lawrence, on brief), for appellees.

JUSTICE COMPTON delivered the opinion of the Court.

The question presented in this appeal is whether a private right of action for damages exists as the result of an alleged violation of

Code § 43-13, a criminal statute codified among the mechanics' lien laws.

At the time of this controversy, the statute provided:

"Any contractor or subcontractor or any officer, director or employee of such contractor or subcontractor who shall, with intent to defraud, retain or use the funds, or any part thereof, paid by the owner or his agent, the contractor or lender to such contractor or by the owner or his agent, the contractor or lender to a subcontractor under any contract for the construction, removal, repair or improvement of any building or structure permanently annexed to the freehold, for any other purpose than to pay persons performing labor upon or furnishing material for such construction, repair, removal or improvement, shall be guilty of larceny in appropriating such funds for any other use while any amount for which the contractor or subcontractor may be liable or become liable under his contract for such labor or materials remains unpaid, and may be prosecuted upon complaint of any person or persons who have not been fully paid any amount due them.

"The use by any such contractor or subcontractor or any officer, director or employee of such contractor or subcontractor of any moneys paid under the contract, before paying all amounts due or to become due for labor performed or material furnished for such building or structure, for any other purpose than paying such amounts, shall be prima facie evidence of intent to defraud."

In August 1991, appellant Vansant and Gusler, Incorporated, consulting engineers, filed suit against appellee James R. Washington, appellee Robert E. Washington, and Washington Design Group, Ltd. (WDG), seeking recovery against the defendants, jointly and severally, in the sum of $308,553.07. In an amended motion for judgment, the plaintiff alleged that the individual defendants are professional architects, and officers and directors of WDG. The plaintiff asserted that WDG was general contractor for services furnished to various government entities and others on numerous jobs. The plaintiff further alleged that, on these jobs, WDG contracted with the plaintiff as subcontractor to perform certain work and, as a result, WDG was obligated to the plaintiff in the amount of the suit.

Additionally, the plaintiff alleged that WDG "has received, as general contractor, payment for all or practically all of the work which the plaintiff has performed as a subcontractor." The plaintiff also alleged that defendants, "all of whom had control over said payments . . . , with intent to defraud, have failed to pay said funds, as required by law, to the plaintiff." Instead, the plaintiff asserted, "the defendants have used the funds for other matters," making the individual defendants liable to the plaintiff in the sum stated.

WDG filed a grounds of defense and the individual defendants filed a demurrer. Because WDG admitted it owed the plaintiff the amount sued for, judgment was entered in that amount against that defendant in November 1991, the judgment order noting that WDG "has expressly denied that failure to make payment to the plaintiff was with any intent to defraud."

Subsequently, and before argument of the demurrer, the plaintiff filed a second amended motion for judgment asserting specifically that the basis for seeking judgment against the individual defendants is the alleged violation of Code § 43-13. In a demurrer filed to the second amended motion for judgment, the individual defendants asserted that § 43-13 "creates no civil liability on the part of the contractor or subcontractor receiving the funds, nor on any officer, director or employee of such contractor or subcontractor."

Upon consideration of the pleadings, memoranda of law, and argument of counsel, the trial court sustained the second demurrer and dismissed the action against the individual defendants. The plaintiff appeals that ruling, embodied in a May 1992 final order.

Code § 43-13 is purely a criminal statute proscribing certain conduct as larceny. Generally, the statute criminalizes the act of an officer of a corporate general contractor who, with intent to defraud, causes funds received by the corporation from a particular job to be used for any purpose other than first paying persons performing labor or furnishing materials on that job. The statute makes such use of the funds prima facie evidence of intent to defraud so that a criminal defendant charged with its violation has "the burden of producing evidence to the contrary." *Overstreet* v. *Commonwealth*, 193 Va. 104, 111, 67 S.E.2d 875, 879 (1951).

Section 43-13 does not expressly provide for any private right of action imposing civil liability. "While this criminal statute creates a moral obligation, it contains no language creating a legal trust for the benefit of materialmen and laborers. Nor does the statute

purport to affect or extend the rights and remedies otherwise available in a civil proceeding to materialmen and workmen under the mechanics' lien statutes." *Kayhoe Constr. Corp.* v. *United Va. Bank*, 220 Va. 285, 289, 257 S.E.2d 837, 839 (1979).

■ And, a private right of action cannot be implied by the provisions of § 43-13. "[When] a statute creates a right and provides a remedy for the vindication of that right, then that remedy is exclusive unless the statute says otherwise." *School Board* v. *Giannoutsos*, 238 Va. 144, 147, 380 S.E.2d 647, 649 (1989).

The plaintiff argues, however, that "any doubt concerning whether or not this larceny can be a basis for a civil action" is removed by the provisions of Code § 8.01-221. Thus, according to the plaintiff, when § 43-13 is considered with § 8.01-221, "there can be no question but that Vansant's suit is a good one" and that the trial court should be reversed. We do not agree.

■ The plaintiff relies on the first sentence of § 8.01-221, which provides:

"Any person injured by the violation of any statute may recover from the offender such damages as he may sustain by reason of the violation, even though a penalty or forfeiture for such violation be thereby imposed, unless such penalty or forfeiture be expressly mentioned to be in lieu of such damages."

That provision has been a part of the Code, in essentially the same form, since 1849. *See* Code of 1849, ch. 148, § 6 at 589.

The provision has been interpreted as follows:

"It is very evident that the purpose of section [8.01-221] was merely to preserve to any injured person the right to maintain his action for the injury he may have sustained by reason of the wrong-doing of another, and to prevent the wrong-doer from setting up the defence that he had paid the penalty of his wrong-doing under a penal statute. It cannot be supposed that, in enacting section [8.01-221], the Legislature had the remotest idea of creating any new ground for bringing an action for damages." *Connelly* v. *Western Union Tel. Co.*, 100 Va. 51, 62-63, 40 S.E. 618, 622 (1902) (quoting *Tyler* v. *Western Union Tel. Co.*, 54 F. 634, 637 (1893)).

This Court consistently has followed the *Connelly* interpretation, *see, e.g., Oliver* v. *Cashin*, 192 Va. 540, 547, 65 S.E.2d 571, 574-75 (1951); *Wyatt* v. *Chesapeake & Potomac Telephone Co.*, 158 Va. 470, 477, 163 S.E. 370, 372 (1932); *Hortenstein* v. *Virginia-Carolina Railway Co.*, 102 Va. 914, 923-24, 47 S.E. 996, 999 (1904), as have the Federal courts applying Virginia law, *see, e.g., A & E Supply Co.* v. *Nationwide Mutual Fire Insurance Co.*, 798 F.2d 669, 674 (4th Cir. 1986); *Ward* v. *Connor*, 495 F.Supp. 434, 440 (E.D. Va. 1980), *rev'd on other grounds*, 657 F.2d 45 (4th Cir. 1981).

■ Furthermore, there have been many sessions of the General Assembly since the 1902 *Connelly* decision interpreting present § 8.01-221 and the legislature has reenacted the statute repeatedly. Under these circumstances, the construction given to the statute is presumed to be sanctioned by the legislature and therefore becomes obligatory upon the courts. *Miller* v. *Commonwealth*, 180 Va. 36, 43, 21 S.E.2d 721, 724 (1942). Indeed, the General Assembly implicitly has acknowledged the interpretation because, in some instances, it expressly has made violation of criminal and other statutes the basis for civil action. *See, e.g.*, Code §§ 18.2-499 and -500 (civil action for damages authorized for violation of statute making it a crime to conspire to injure other persons in their trade or business); Code § 59.1-9.12 (personal action authorized for violation of Virginia Antitrust Act); Code § 59.1-68.3 (individual action for damages authorized for violation of Virginia Home Solicitation Sales Act and other offenses); and Code § 59.1-21.12 (civil action authorized for violation of Virginia Petroleum Products Franchise Act).

Accordingly, we iterate that § 8.01-221 creates no new right of action for damages for violation of some other criminal or penalty statute; no civil right of action exists unless such other statute by its terms so provides, or unless proof of the same facts that establish violation of such other statute also constitutes proof of an otherwise existing civil action for damages independent of the criminal statute. *Hortenstein*, 102 Va. at 923-24, 47 S.E. at 999.

■ In the present case, the factual allegations of the plaintiff's second amended motion for judgment do not meet either prong of the foregoing test. As we have said, § 43-13 does not expressly provide for any private right of action. Also, the plaintiff has not pointed to any otherwise existing private right of action based on these facts independent of the criminal statute, and we perceive

none (except, of course, the statutory remedies afforded contractors under the mechanics' lien statutes).

■ Finally, in all cases relied upon by the plaintiff to support its construction of § 8.01-221, either the criminal statute by its own terms created a civil right of action for its violation, *Western Union Telegraph Co. v. Reynolds Bros.*, 77 Va. 173 (1883), or a private right of action already existed independent of the penalty statute at the time of the injury or damage sued upon, *Oliver, supra* (negligence); *Wyatt, supra* (negligence); *Standard Red Cedar Chest Co. v. Monroe*, 125 Va. 442, 99 S.E. 589 (1919) (negligence); *Richmond & Danville Railroad Co. v. Noell*, 86 Va. 19, 9 S.E. 473 (1889) (negligence); *Norfolk & Western Railroad Co. v. Irvine*, 84 Va. 553, 5 S.E. 532 (1888) (breach of common carrier's duty to passenger).

Consequently, because the trial court committed no error in sustaining the demurrer, the judgment will be

*Affirmed.*