## CIRCUIT COURT OF ROCKINGHAM COUNTY

Margaret A. Richardson

v.

Fleetwood Homes, Inc., and
Golden Rule Homes, Inc.

August 17, 1995

Case No. (Law) 9926

BY JUDGE DENNIS L. HUPP

### *Plea to Jurisdiction*

Richardson originally filed suit in the General District Court of Rockingham County against Golden Rule only. Her warrant in debt alleges violations of the Virginia Consumer Protection Act (VCPA) and the Magnuson-Moss Warranty Act; however, her Bill of Particulars subsequently filed failed to reference the latter. Counts I through IV of the Bill correspond to Counts I through IV of her Motion for Judgment in this Court. Richardson nonsuited the General District Court case.

Golden Rule contends that, after nonsuit, the plaintiff must refile in the same court under the provisions of Virginia Code § 8.01-380 and that, therefore, this Court does not have jurisdiction to hear this case.

The cited statute provides as follows:

> After a nonsuit, no new proceeding on the same cause of action or against the same party shall be had in any court other than that in which the nonsuit was taken, unless that court is without jurisdiction, or not a proper venue, or other good cause is shown for proceeding in another court . . . .

In this court Richardson has brought in an additional party defendant, and she sues for damages exceeding the jurisdictional limit of the General District Court. (Virginia Code § 16.1-77.) Under these circumstances, I do

not believe that our nonsuit statute requires the suit to be filed a second time in the General District Court. It is my opinion that the Circuit Court has jurisdiction to hear the case. In making this ruling, I am aware that the other circuit judges have made conflicting rulings on this issue. (*Virginia Lawyers Weekly*, July 3, 1995.)

### Plea Craving Oyer

As pointed out by Mr. Blatt, several circuit courts in this Common-wealth have recently recognized the ancient plea craving oyer as a legitimate procedural tool even today. I concur. By use of this plea, the defendant can require the plaintiff to produce the document *upon which her claim is based.* See Bryson, *Handbook on Virginia Civil Procedure* (2d ed., 1989) pp. 214-215. Richardson sues in tort and not in contract and therefore does not base her claim on the contract sought by the plea. Accordingly, the plea craving oyer is overruled.

### Demurrer

In ruling on a demurrer, I must accept as true the material facts which are well-pleaded, and I must also accept all reasonable inferences which may be drawn from those facts so pleaded. *Hop-In Food Stores v. Serv-N-Save*, 237 Va. 206 at 207-208 (1989). Golden Rule demurs to each count of the Motion for Judgment, and I will deal with them *seriatim*.

*Count I.* Richardson brings suit under Virginia Code § 59.1-204 for alleged violations of the VCPA. She seeks the difference between the price for which the mobile home was allegedly offered initially and the price she actually paid. This would ordinarily be considered an economic loss, and such loss is not generally recoverable in tort absent privity between the parties. *Blake Construction Co. v. Alley*, 233 Va. 31, 36 (1987); and *Sensenbrenner v. Rust, Orling & Neale*, 236 Va. 419, 423-424 (1988). Here, however, Richardson has pleaded sufficient facts to establish privity between the parties, and the above-cited statute provides for recovery for losses resulting from certain prohibited practices described in Virginia Code § 59.1-200. Whether the situation described by Richardson involves a "loss" as contemplated by the statute is an arguable point which counsel may wish to argue further at trial after presentation of the evidence, but I am not willing to dispose of this on demurrer.

Richardson seeks punitive damages as well; however, there is no specific provision under the statutory scheme for punitive damages. While she may have the option of pursuing other more general theories of recovery

in contract or in tort, Richardson has, in Count I, based her claim on the VCPA. Where "a statute creates a right and provides a remedy for the vindication of that right, then that remedy is exclusive unless the statute says otherwise." *Vansant & Gusler, Inc. v. Washington*, 245 Va. 356, 360 (1993), citing *School Board v. Giannoutsos*, 238 Va. 144, 147 (1989). Punitive measures are provided for elsewhere in the Act. See Virginia Code § 59.1-206. I also note that § 59.1-204 has now been amended (1995) to allow individuals to recover punitive damages up to three times the amount of actual damages or $1,000.00, whichever is greater. I believe the General Assembly intended to create a new right with the amendment rather than to limit an existing one.

Accordingly, the Demurrer is sustained as to the claim for punitive damages but overruled otherwise.

*Count II.* Richardson alleges a breach of warranties established under the Manufactured Housing Licensing and Transaction Recovery Fund Law (Virginia Code § 36-85.16 *et seq.*) and also violation of certain provisions of the VCPA.

I do not believe that the factual allegations made in this count sufficiently state a claim under the VCPA.

While those same allegations do describe violations of the warranty provisions of Virginia Code § 36-85.23, the recourse for same is limited to submitting claims against the Virginia Manufactured Housing Transaction Recovery Fund. See § 36-85.31 *et seq.* The Act creates a right and provides a remedy. See *Vansant & Gusler, Inc. v. Washington, supra.* There certainly may be other legal remedies available to Richardson under tort or contract law, including one for breach of contractual warranties, but I believe that violation of these particular statutory warranties gives rise to a claim under the provisions of the Act and nothing more. The Act does not prevent Richardson from pursuing these other remedies. Virginia Code § 36-85.30.

The Demurrer to Count II is sustained.

*Count III.* The Demurrer is sustained for the same reasons as stated hereinabove as to Count II.

*Count IV.* The Demurrer is overruled. Please see discussion as to Count I above.

*Count V.* Reading the allegations in all counts together, the same having been incorporated by reference, Richardson's claim under the federal act cited is sufficient to withstand a demurrer. The Demurrer is overruled.

### Summary Judgment

Golden Rule asks for summary judgment in respect to Count I of the Motion for Judgment. In ruling on a motion for summary judgment, I must consider the pleadings, pre-trial orders, if any, and admissions of parties. Rule 3:18 of the Rules of the Supreme Court of Virginia. The motion should not be granted if there is a genuine dispute as to any material fact. *Id.* In reviewing the pleadings and discovery responses cited by Golden Rule, I must draw all reasonable inferences in favor of Richardson, the non-moving party. *Carson ex rel. Meredith v. LeBlanc*, 245 Va. 135 (1993); *Bloodworth v. Ellis*, 221 Va. 18 (1980).

The Motion for Summary Judgment is based on the absence of any advertisement which could possibly give rise to a claim for violation of subsection (8) of Virginia Code § 59.1-200. The Motion seems to presuppose that the advertisement must be in writing, but this is not the case. Advertisements may be oral, and I know of no minimum requirement as to the geographic area covered or the number of people reached necessary to bring any particular communication within the definition of "advertisement."

Further, Richardson alleges other violations of Virginia Code § 59.1-200 which do not necessarily involve advertisements.

For these reasons, the Motion for Summary Judgment is denied.

If Richardson wishes to file an amended motion for judgment, she may seek leave to do so.