426

## CIRCUIT COURT OF THE CITY OF NORFOLK

Roger E. Morris

   v.

Valorie Massingill
and City of Norfolk

September 10, 2002

Case No. (Law) L02-690

BY JUDGE MARC JACOBSON

Roger E. Morris filed a Motion for Judgment (Motion) against Valorie Massingill, a City of Norfolk police officer, and the City of Norfolk. Plaintiff by counsel has dismissed the City of Norfolk as a Defendant. Defendant has filed a Demurrer to Plaintiff's Motion for Judgment, and this letter opinion addresses the Demurrer.

On December 17, 1999, Plaintiff, then a Lieutenant in the United States Navy, was arrested and charged with two counts of Indecent Liberties and three counts of Aggravated Sexual Battery. In July of 2000, the Norfolk Circuit Court dismissed all charges against Plaintiff. In September of 2000, the Norfolk Circuit Court issued an Order requiring that the records be

purged of all charges for Aggravated Sexual Battery and, one month later, the Court issued an Amended Expungement Order expanding the purged records to include the charges for the two counts of Indecent Liberties. Prior to the issuance of the Amended Expungement Order, but after the issuance of the original Order, Defendant, a detective in the Norfolk City Police Department, and the investigating officer who brought the original charges against Plaintiff testified before a Case Review Committee (CRC) of the Navy Family Advocacy Program. The CRC was conducting investigations into the original criminal charges brought against Plaintiff.

In his Motion, Plaintiff seeks compensatory and punitive damages based upon the testimony provided by Defendant before the CRC. Plaintiff has asserted causes of action for defamation, tortious violation of a court order, and tortious interference with a prospective economic opportunity.

Defendant has demurred to all three counts of the Motion. Against the defamation claim, Defendant argues (1)[1] that the motion for judgment fails as a matter of law because it does not state the exact defamatory language and (2) Defendant's testimony is protected by absolute privilege. Against the Plaintiff's claim for tortious interference with prospective economic opportunity, Defendant argues (3) that Plaintiff's claim fails as a matter of law because it does not allege improper methods used by Defendant, (4) that Plaintiff has not lost any economic expectancy at this period, and (5) there is not a reasonable probability that the Plaintiff would obtain the expectancy he alleges. Against the claim for tortious interference with a court order, Defendant argues (6) Defendant did not violate the original expungement order of the Court and (7) the criminal statute making disclosure of expunged evidence a crime does not create a civil cause of action for money damages. A demurrer tests only the legal sufficiency of the claims stated in the pleading challenged. *Dray v. New Market Poultry Products, Inc.*, 258 Va. 187, 189, 518 S.E.2d 312, 312 (1999). While a demurrer does not admit the correctness of the pleading's conclusions of law, *Ward's Equip., Inc. v. New Holland N. Am., Inc.*, 254 Va. 379, 382, 493 S.E.2d 516, 518 (1997), it "admits the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred," *Cox Cable Hampton Rds., Inc. v. City of Norfolk*, 242 Va. 394, 397, 410 S.E.2d 652, 653 (1991).

---

[1] The bracketed numbers correspond to the paragraphs of Defendant's Demurrer.

### 1: *In Haec Verba Requirement for Pleading Defamation*

Under Virginia law, actions for defamation are subject to heightened pleading requirements. "Good pleading requires that the exact words spoken or written must be set out in the declaration in haec verba. Indeed, the pleading must go further; — that is it must purport to give the exact words. . . . Words of equivalent or similar import are not sufficient." *Federal Land Bank of Baltimore v. Birchfield*, 173 Va. 200, 215 (1939). Plaintiff's Motion contains no direct quotations of Defendant's testimony and thus does not specify or purport to specify the exact words of the Defendant's allegedly defamatory statements.

Defendant's Demurrer to Plaintiff's action for defamation is sustained with leave to Plaintiff to amend within fifteen days from entry of the Order required by this letter opinion.

### 2: *Defendant's Claim of Privilege*

Defamatory statements, even if made with malicious intent, are not actionable when made in the course of judicial or quasi-judicial proceedings. *Lockheed v. Maximus, Inc.*, 259 Va. 92, 101, 524 S.E.2d 420, 424 (2000) (citing *Penick v. Ratcliffe*, 149 Va. 618, 636-37, 140 S.E. 664, 670 (1927)). The immunity of witnesses in judicial and quasi-judicial proceedings is known as "absolute privilege." *Lockheed* at 101, 524 S.E.2d at 424-25. However, the absolute privilege only extends to communications made in administrative proceedings "so long as the safeguards that surround judicial proceedings are present." *Id.* (citing *Elder v. Holland*, 208 Va., 15, 22, 155 S.E.2d 369, 374 (1967)). The safeguards necessary for absolute immunity to attach include "the power to issue subpoenas, liability for perjury, and the applicability of the rules of evidence." *Lockheed* at 101, 524 S.E.2d at 424-25.

Defendant's allegedly defamatory statements were made before a CRC of the Navy Family Advocacy Program. (Def.'s Mem. in Supp. of Dem. at 1.) However, the procedures CRCs employ at such hearings are not before the Court, including subpoena powers, rules of evidence utilized, or penalties for perjury. Defendant has not alleged CRCs use or employment of procedural safeguards necessary or required for absolute privilege to attach, and, at this stage of the proceedings, Defendant's Demurrer is overruled as to absolute privilege.

### 3: *Tortious Interference with Prospective Economic Opportunity*

In order to establish a prima facie case for tortious interference with a business expectancy, Plaintiff must prove: "(1) the existence of a valid business . . . expectancy, with a probability of future economic benefit to plaintiff; (2) defendant's knowledge of the . . . expectancy; (3) a reasonable certainty that absent the defendant's intentional misconduct, plaintiff would have . . . realized the expectancy; and (4) damage to plaintiff." *Commercial Bus. Sys., Inc. v. Halifax Corp.*, 253 Va. 292, 300, 484 S.E.2d 892, 896 (1997) (citing *Glass v. Glass*, 228 Va. 39, 51, 321 S.E.2d 69, 76-77 (1984)).

Defendant claims that she did not employ "improper methods." The Defendant argues that, because she did not know of the Expungement Order or Amended Expungement Order, she did not willfully communicate expunged information within the meaning of § 19.2-392.3 of the Code of Virginia and therefore did not violate any law. However, Defendant's knowledge vel non of the Expungement Order and/or Amended Expungement Order at this juncture and solely for the purposes of the Demurrer is a disputed question of material fact. For the purposes of Demurrer only, it could be argued that Defendant willfully violated § 19.2-392.3, and the "improper methods" element of tortious interference with a business expectancy alleged to have been used by Defendant, it could be argued, were met. The Defendant's Demurrer is overruled as to this issue.

### 4 and 5: *Plaintiff's Claim of Tortious Interference with a Prospective Economic Opportunity*

Before analyzing whether the remaining elements of the tort are present, it is necessary to consider the expectancy Plaintiff claims to have lost. The Plaintiff never avers that he lost his job as a naval officer as a result of the Plaintiff's conduct. Rather, the expectancy Plaintiff claims to have lost is his opportunity for promotion within the Navy.[2] When Plaintiff's claim is conceptualized in this manner, Plaintiff's Motion for Judgment fails to aver that, but for the Defendant's conduct, Plaintiff had a reasonable certainty of being promoted. Plaintiff's averment that "Detective Massingill knew the

---

[2] "As a direct and proximate result of Defendant's actions . . . Plaintiff's Navy records will always have reference to the charges that were based on Defendant's testimony, and will negatively impact his eligibility for promotion as a Naval Officer." (Pl.'s Mot. for J. at & 20.)

Plaintiff was a Naval Officer and had an expectation that he would continue to be promoted as a Naval Officer" is insufficient to fulfill the reasonable certainty requirement. An "expectation" is not a reasonable certainty. Plaintiff's averment speaks only to his subjective mental state or projections and fails to demonstrate on objective grounds that there was a reasonable certainty he would have been promoted but for Defendant's conduct. The Virginia Supreme Court has held that a "subjective belief or hope" of achieving a future economic benefit is insufficiently certain to underlie a cause of action for tortious interference with a business expectancy. *Commercial Bus. Sys., Inc.*, at 303, 484 S.E.2d at 898. Therefore, Defendant's Demurrer to the Plaintiff's action for tortious interference with a business expectancy is sustained with leave granted to Plaintiff to amend within fifteen days from entry of the Order required by this letter opinion.

### 6: *Did Defendant Violate the Original Order of Expungement?*

Defendant claims that, Massingill did not violate § 19.2-392.3 because she did not know her former testimony had been expunged and, therefore, she could not have "willfully" violated the provision. According to Defendant, the Amended Expungement Order had not been transmitted to the police department until after Detective Massingill testified before the CRC. However, Plaintiff has pleaded that "Detective Massingill knew of the Court's Order of Expungement." (Pl.'s Mot. for J. at ¶ 23.) Thus, for the purposes of the demurrer, there exists a disputed question of material fact as to whether the Defendant knowingly violated the Expungement Order. At the demurrer stage and for the purposes of the Demurrer only, the Court must resolve this factual conflict in favor of the Plaintiff and Defendant's Demurrer as to this issue is overruled. However, as discussed supra, the issue remains as to whether even willful violation of a court order would give rise to a damages claim.

### 7: *Is "Tortious Violation of a Court Order" Actionable or Does It Create an Action for Monetary Damages?*

Plaintiff has not cited any cases recognizing a cause of action for "tortious violation of a court order." While Plaintiff never indicates the legal basis for this claim, it would appear the only plausible basis for such a claim

would be an implied money damages remedy arising out of § 19.2-392.3,[3] a criminal statute which makes disclosure of expunged records a Class 1 misdemeanor.

However, Virginia law does not recognize implied civil remedies for violations of criminal statutes. The Virginia Supreme Court dealt with a plaintiff's attempt to recover implied money damages in *Vansant & Gusler, Inc. v. Washington*, 245 Va. 356, 429 S.E.2d 31 (1993). In *Washington*, the plaintiff attempted to infer a civil remedy from § 43-13 of the Code of Virginia, a criminal statute making a contractor's retention of funds owed to subcontractors punishable as larceny. *Id.* at 359, 429 S.E.2d at 32. The plaintiff claimed that § 8.01-221 of the Code of Virginia provided an implied damages remedy for those harmed by criminal conduct.[4] *Id.* at 360, 429 S.E.2d at 33. However, the Virginia Supreme Court has long held that the effect of section 8.01-221 is merely "to preserve to any injured person the right to maintain his action for the injury he may have sustained by reason of the wrong-doing of another, and to prevent the wrong-doer from setting up the defense that he had paid the penalty of his wrong-doing under a penal statute." *Id.* (quoting *Connelly v. Western Union Tel. Co.*, 100 Va. 51, 62-63, 40 S.E. 618, 622 (1902)). Thus, the Supreme Court in *Washington* held that criminal penalties are the exclusive remedy for criminal activity, unless additional penalties are provided by statute. *Washington* at 360, 429 S.E.2d at 33. ("[When] a statute creates a right and provides a remedy for the vindication of that right, then the remedy is exclusive unless the statute says

---

[3] This provision reads in relevant part: "It shall be unlawful for any person having or acquiring access to an expunged court or police record to open or review it or disclose it to another person. . . . Any person who willfully violates this section is guilty of a Class 1 misdemeanor."

[4] This provision reads in relevant part: "Any person injured by the violation of any statute may recover from the offender such damages as he may sustain by reason of the violation, even though a penalty or forfeiture for such violation is thereby imposed, unless such penalty or forfeiture be mentioned in lieu of such damages."

otherwise.") (quoting *School Bd. v. Giannoutsos*, 238 Va. 144, 147 (1989))). Based upon this rationale, the Supreme Court in *Washington* upheld the trial court's dismissal of the plaintiff's civil damages claim. *Washington* at 362, 429 S.E.2d at 34.

Because criminal penalties are the exclusive remedy for criminal conduct unless additional remedies are provided by statute, the Court should not recognize an implied civil damages remedy for communicating expunged information. The Demurrer as to Plaintiff's claim for "tortious violation of a court order" is sustained.