COURT OF APPEALS OF VIRGINIA


Present:    Judges Clements, Haley and Retired Judge Overton*


PAMELA COX

                                                           MEMORANDUM OPINION**

v.        Record No. 0569-06-3                                  PER CURIAM
                                                           SEPTEMBER 26, 2006

WISE COUNTY DEPARTMENT OF SOCIAL SERVICES


                    FROM THE CIRCUIT COURT OF WISE COUNTY
                              Birg E. Sergent, Judge

            (Jewell Morgan, on briefs), for appellant.  Appellant submitting on
            briefs.

            (Karen T. Mullins; J. Marty Adkins, Guardian *ad litem* for the minor
            child; Adkins, Elkins & Hunnicutt, on brief), for appellee.  Appellee
            and Guardian *ad litem* submitting on brief.


        Pamela Cox appeals the trial court's decision terminating her parental rights to her child,

M.G.  She contends the trial court erred in terminating her residual parental rights when (I) there

had never been a removal of legal custody of M.G. before the Department of Social Services (DSS)

filed the termination petition, and (II) the trial court failed to determine whether DSS had followed

proper procedures.  Upon reviewing the record and briefs of the parties, we affirm the trial court's

decision.

                                      Background

        We view the evidence in the light most favorable to the prevailing party below and grant to

it all reasonable inferences fairly deducible therefrom.  See Logan v. Fairfax County Dep't of

_____

        * Retired Judge Overton took part in the consideration of this case by designation
pursuant to Code § 17.1-400(D).

        ** Pursuant to Code § 17.1-413, this opinion is not designated for publication

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).  So viewed, the evidence established that after working with Cox for about eight years and taking custody of M.G.'s older sibling three different times, DSS terminated Cox's parental rights to that child in May 2000.  Cox had problems with drugs, alcohol, and domestic violence.  Cox voluntarily relinquished her rights to another of her children.  M.G. was born on December 21, 2002 and had a low birth weight.  Two days after M.G. was born, DSS removed her from Cox's custody because Cox, who is bipolar, was not taking her medication.  DSS returned M.G. to Cox five days later, after Cox began taking her medicine.  On April 6, 2004, the Wise County Juvenile and Domestic Relations District Court (JDR court) granted joint legal custody of M.G. to Cox and Alden Fisher, M.G.'s father, granted physical custody to Fisher, granted visitation to Cox, and entered a protective order.  This temporary order became final on October 5, 2004, after a lengthy hearing.  Cox appealed this order, but before the appeal was heard, Fisher signed an entrustment agreement with DSS.  Therefore, the circuit court remanded the case to the JDR court since the order was no longer applicable to Fisher.

On August 19, 2005, DSS filed a petition to terminate Cox's parental rights and filed a foster care plan with the goal of adoption.  The JDR court terminated Cox's residual parental rights to M.G. and granted physical and legal custody to DSS.  Cox appealed, and the circuit court entered a final order on February 8, 2006, terminating Cox's parental rights pursuant to Code § 16.1-283(E)(i).

Analysis

I.

Code § 16.1-283(A) permits the trial court to grant custody to DSS at the same time it terminates parental rights.  Code § 16.1-283(A) states in part that "[a]ny order terminating residual parental rights shall be accompanied by an order continuing or granting custody to a local board of social services."  This statute "requires two orders, issued concurrently:  one terminating parental

rights, and the other placing custody of the child in a relative or third party." Hawthorne v. Smyth County Dep't of Soc. Servs., 33 Va. App. 130, 137-38, 531 S.E.2d 639, 643 (2000). Although Code § 16.1-283(E) refers to a child "who is in the custody of a local board or licensed child-placing agency," the interpretation given to Code § 16.1-283(A) by this Court in Hawthorne is presumed sanctioned by the General Assembly and therefore is obligatory. See Vansant and Gusler, Inc. v. Washington, 245 Va. 356, 361, 429 S.E.2d 31, 33-34 (1993). "'Where a statute has been construed by the courts, and is then re-enacted by the legislature, the construction given to it is presumed to be sanctioned by the legislature, and thenceforth becomes obligatory upon the courts.'" Miller v. Commonwealth, 180 Va. 36, 43, 21 S.E.2d 2d 721, 724 (1942) (quoting Michie's Digest, Vol. 9, p. 54). Therefore, the trial court did not err by granting DSS full custody of M.G. at the same time it terminated Cox's parental rights.

II.

On appeal, Cox contends the trial court erred by terminating her parental rights "without a ruling as to whether or not the Wise County Department of Social Services followed proper procedure." At trial, Cox never argued that the trial court failed to issue a ruling, but argued that DSS did not comply with the requirements.

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. Rule 5A:18 requires that objections to a trial court's action or ruling be made with specificity in order to preserve an issue for appeal. See Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (*en banc*). A trial court must be alerted to the precise issue to which a party objects. See Neal v. Commonwealth, 15 Va. App. 416, 422-23, 425 S.E.2d 521, 525 (1992).

Because the requirements of Rule 5A:18 have not been met, we will not consider this question on appeal. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

For these reasons, we affirm the trial court's decision.

<u>Affirmed.</u>