COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Chief Judge Felton, Judges Kelsey and Petty
Argued at Richmond, Virginia


JEFFREY HOLLOWAY

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1321-13-2                      JUDGE WILLIAM G. PETTY
                                                    MARCH 25, 2014

COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF RICHMOND COUNTY
                      Joseph E. Spruill, Jr., Judge Designate

             A. Davis Bugg, Jr. (Albert D. Bugg, III; Rumsey & Bugg, P.C., on
             briefs), for appellant.

             Virginia B. Theisen, Senior Assistant Attorney General (Kenneth T.
             Cuccinelli, II, Attorney General, on brief), for appellee.


        Jeffrey Holloway was convicted under Code § 43-13.  On appeal, Holloway presents

eight assignments of error.[1]  Holloway's assignments of error point to the same argument:  the

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] (1) "The trial court erred in failing to sustain the defendant's motion to strike at the
close of the Commonwealth's evidence regarding the charge under Section 43-13 because the
trial court considered facts not in evidence and because the evidence demonstrated Holloway's
freedom from an intent to defraud and such evidence was sufficient to overcome the inference of
an intent to defraud created by the statute."  (2) "The trial court erred in failing to sustain the
defendant's motion to strike at the conclusion of all of the evidence regarding the charge under
Section 43-13 because the trial court considered facts not in evidence and because the evidence
demonstrated Holloway's freedom from an intent to defraud and such evidence was sufficient to
overcome the inference of an intent to defraud created by the statute."  (3) "The trial court erred
in concluding that the evidence was insufficient to overcome or rebut the inference of an intent to
defraud created by the terms of Section 43-13 because the trial court considered facts not in
evidence and because the evidence demonstrated Holloway's freedom from an intent to defraud
and such evidence was sufficient to overcome the inference of an intent to defraud created by the
statute."  (4) "The trial court erred in failing to sustain the defendant's motion to set aside the
verdict of guilty because the trial court considered facts not in evidence and because the evidence
demonstrated Holloway's freedom from an intent to defraud and such evidence was sufficient to

evidence was insufficient to convict him.  For the reasons stated below, we affirm Holloway's

conviction.

I.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)).

II.

Holloway was indicted by a grand jury for larceny under both Code § 18.2-200.1 and

Code § 43-13.  The trial court dismissed the larceny charge under Code § 18.2-200.1 but

convicted Holloway under Code § 43-13.  Holloway argues that the evidence was insufficient to

convict him under Code § 43-13.  We disagree.

"'When reviewing the sufficiency of the evidence to support a conviction, [this] Court

will affirm the judgment unless the judgment is plainly wrong or without evidence to support

it.'"  Mayfield v. Commonwealth, 59 Va. App. 839, 850, 722 S.E.2d 689, 695 (2012) (quoting

Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008)).  In our review, we

have "a duty to examine all the evidence that tends to support the conviction."  Bolden, 275 Va.

at 147, 654 S.E.2d at 586.  Accordingly, "[w]e 'must discard all evidence of the accused that

conflicts with that of the Commonwealth and regard as true all credible evidence favorable to the

---

overcome the inference of an intent to defraud created by the terms of Section 43-13."  (5) "The
trial court erred in concluding that the inference provided by Section 43-13 could be overcome
only by proof that all monies received went into the project."  (6) "The trial court erred, abused
its fact-finding discretion and committed a clear error of judgment in failing to give substantial
weight to the evidence indicating Holloway freedom from an intent to defraud."  (7) "The trial
court erred by finding Holloway guilty based on nothing more than the inference or presumption
created by Section 43-13, a finding that was plainly wrong."  (8) "The trial court erred by relying
on facts in reaching its finding of guilt which were not in evidence."

Commonwealth and all fair inferences reasonably deducible therefrom.'" Holcomb v.

Commonwealth, 58 Va. App. 339, 346, 709 S.E.2d 711, 714 (2011) (quoting Lea v.

Commonwealth, 16 Va. App. 300, 303, 429 S.E.2d 477, 479 (1993)).

Moreover, "[a]n appellate court does not 'ask itself whether *it* believes that the evidence

at the trial established guilt beyond a reasonable doubt.'" Williams v. Commonwealth, 278 Va.

190, 193, 677 S.E.2d 280, 282 (2009) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19

(1979)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the

essential elements of the crime beyond a reasonable doubt.'" Id. (quoting Jackson, 443 U.S. at

319). "'This familiar standard gives full play to the responsibility of the trier of fact fairly to

resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from

basic facts to ultimate facts.'" Brown v. Commonwealth, 56 Va. App. 178, 185, 692 S.E.2d 271,

274 (2010) (quoting Jackson, 443 U.S. at 319).

Code § 43-13 provides:

> Any contractor or subcontractor or any officer, director or employee of such contractor or subcontractor who shall, with intent to defraud, retain or use the funds, or any part thereof, paid by the owner or his agent, the contractor or lender to such contractor or by the owner or his agent, the contractor or lender to a subcontractor under any contract for the construction, removal, repair or improvement of any building or structure permanently annexed to the freehold, for any other purpose than to pay persons performing labor upon or furnishing material for such construction, repair, removal or improvement, shall be guilty of larceny in appropriating such funds for any other use while any amount for which the contractor or subcontractor may be liable or become liable under his contract for such labor or materials remains unpaid, and may be prosecuted upon complaint of any person or persons who have not been fully paid any amount due them.
>
> The use by any such contractor or subcontractor or any officer, director or employee of such contractor or subcontractor of any moneys paid under the contract, before paying all amounts due or to become due for labor performed or material furnished for such building or structure, for any other purpose than paying such amounts, shall be prima facie evidence of intent to defraud.

- 3 -

The purpose of Code § 43-13 is to prohibit a contractor, who has the intent to defraud, from retaining or using funds paid to him by the owner "for some other purpose than to pay persons performing labor or furnishing material to enable him to carry out his contract, while the amount for which he is liable for labor and materials remains unpaid." Overstreet v. Commonwealth, 193 Va. 104, 110, 67 S.E.2d 875, 879 (1951); see also Vansant and Gusler, Inc. v. Washington, 245 Va. 356, 359, 429 S.E.2d 31, 33 (1993) ("Generally, the statute criminalizes the act of an officer of a corporate general contractor who, with intent to defraud, causes funds received by the corporation from a particular job to be used for any purpose other than first paying persons performing labor or furnishing materials on that job."). "The statute makes such use of the funds prima facie evidence of intent to defraud so that a criminal defendant charged with its violation has 'the burden of producing evidence to the contrary.'" Vansant and Gusler, Inc., 245 Va. at 359, 429 S.E.2d at 33 (quoting Overstreet, 193 Va. at 111, 67 S.E.2d at 879).

This case is controlled by the Supreme Court's decision in Overstreet. In that case, Overstreet, a contractor, was convicted of violating Code § 43-13. Overstreet, 193 Va. at 105, 67 S.E.2d at 876. Overstreet contracted with Horne to renovate a home for $2,600. Id. At trial, the evidence demonstrated that Horne had paid Overstreet a total of $2,400, but Overstreet still owed a supplier $500. Id. at 108, 67 S.E.2d at 877. Horne testified that he had written Overstreet a check for $500 upon the express representation that it would be applied to the payment of the supplier account. Id. Overstreet never paid the supplier. Id.

During the trial, Overstreet testified, while referring to a written memorandum that he drafted, that he had paid out $1,828 for labor and $699.20 for material on the job. Id. at 106, 67 S.E.2d at 876. However, Overstreet did not have any records with him. Id. He testified that his records were at home and that he did not believe it was necessary to bring them to the trial. Id. The trial court convicted Overstreet under Code § 43-13. Overstreet appealed.

On appeal, the Supreme Court held,

> [T]he facts make it clear that [Overstreet] used money paid to him under his contract with the property owner before paying all amounts due for material furnished for the improvement and repair of the owner's building. He knew or ought to have known where the funds went, and what he expended them for. Since it was his duty to apply them, or so much thereof as was necessary, to the payment of labor and material on the Horne job before using them for any other purpose, it became his duty to disclose the nature of his expenditures and to whom payments were made. That information was peculiarly within his knowledge; whereas, it was practically impossible for the Commonwealth to trace the funds after they came into his hands. His failure to disclose the items for which the funds were spent, and the persons to whom they were paid creates a presumption of fact that they were used for some purpose other than paying amounts due or to become due for labor performed or material furnished. Under the statute this constituted prima facie evidence of intent to defraud. It then became incumbent upon him to produce evidence to the contrary. It is apparent, under the circumstances recited, that [Overstreet's] testimony was of such a nature as to be inconsistent with his innocence, and that the trial court was justified in refusing to accept it as reflecting the true situation.

Id. at 108-09, 67 S.E.2d at 878.

Here, Holloway failed to present sufficient evidence to overcome the prima facie evidence of intent to defraud. The Commonwealth's evidence established that Holloway, a general contractor and managing partner of Taurus Properties, Inc., entered into a fixed-price contract with Sharon Faina and James Kurdziel (the owners) to build a home. The original price of the home was $475,000; however, a change order providing for a walk-out basement raised the price to $490,000. The payments on the contract were to be made by draws according to a draw schedule prepared by Holloway. Disputes arose during the construction of the home. Eventually Holloway parted ways with the owners before the home was complete.

The owners paid Holloway a total of $422,000. Holloway provided a list of costs associated with the construction of the home to the Department of Professional and Occupational Regulation, which investigated a complaint filed by the owners, showing that his direct costs for

the job totaled $286,000. At trial, Holloway contested the accuracy of the document, indicating that it did not reflect all job costs.[2] He went on to say, "I guess I probably have something in my file somewhere that would have the whole thing." Five different subcontractors and suppliers testified about bills related to the home construction project that Holloway failed to pay. Holloway testified that his failure to pay the subcontractors and suppliers was a result of delays to the project that were caused by the owners. He said that he had a plan to pay everyone by the end of the home construction project.

Holloway's testimony, and evidence, failed to overcome the prima facie evidence of intent to defraud because Holloway could not account for all the funds that he was paid by the owners. Holloway commingled business and personal accounts, paid personal credit card debt, and made payments on both a motorcycle and boat during the home construction project. The trial court spotlighted the primary issue during Holloway's testimony,

> THE COURT: You don't have an accounting of this, do you?
> You don't have an accounting of this account? I mean something
> to show that here's the total I spent on labor, the total I spent on
> supplies, materials, here's what my profit was, and this is how this
> $422,000 went. We don't have anything like that, do we?
>
> DEFENDANT HOLLOWAY: We don't have, Your Honor. I
> don't think either side has that now.

Just like the defendant in Overstreet, Holloway knew, or should have known, where the funds went and what he expended them for. It was Holloway's duty, under the statute, to use the funds received from the owners for the payment of subcontractor and supplier accounts before using them for any other purpose. Therefore, it further became Holloway's "duty to disclose the nature of his expenditures and to whom payments were made." Overstreet, 193 Va. at 109, 67 S.E.2d at 878. The Commonwealth does not have a duty to trace these funds—this "information

---

[2] The list also contained a handwritten notation made by Holloway that said it did not reflect all job costs attributable to the contract.

was peculiarly within [Holloway's] knowledge." Id. Holloway's failure to provide an accounting creates a presumption of fact that the funds were used for some other purpose. "Under the statute this constituted prima facie evidence of intent to defraud. It then became incumbent upon [Holloway] to produce evidence to the contrary." Id. As demonstrated above, Holloway was unable to produce evidence to the contrary. Therefore, we hold that the evidence was sufficient to convict Holloway under Code § 43-13.

III.

For the foregoing reasons, we affirm Holloway's conviction.

Affirmed.