## CIRCUIT COURT OF FAIRFAX COUNTY

Sharon Devonshire et al.

v.

EurAuPair International, Inc., et al.

### Case No. (Law) 145410

BY JUDGE DENNIS J. SMITH

May 22, 1996

On the morning of April 29, 1996, counsel appeared before the Court to argue Plaintiff's Motion for Summary Judgment and Defendant EurAuPair's Motion for a Protective Order. At that time, the Court ruled that counsel for Defendant, Mr. Miller, was to produce a "Vaughn" index for documents to which it claims attorney-client privilege. The Court took under advisement the disputes relating to discovery of information possessed by EurAuPair's affiliates and EurAuPair's financial status.

With respect to the Devonshires' request for information allegedly possessed by EurAuPair's European affiliates, the Court finds that the evidence does not establish that EurAuPair controls these corporations. Therefore, although Plaintiffs are entitled to obtain those documents over which EurAuPair maintains control, the Court lacks authority to compel discovery of documents within the control of EurAuPair's independent European affiliates and declines to do so. However, the Court notes that assessment of costs incurred in prosecuting this action are awardable pursuant to Va. Code § 14.1-178. Therefore, although this Court's ruling may increase the Devonshires' costs, these costs may be recoverable in the event the Devonshires prevail on the merits.

With regard to discovery requests related to EurAuPair's financial status, as no demurrer has been filed regarding the legality of Plaintiff's request for punitive damages, Plaintiff's request remains before the Court, and information pertaining to Defendant's net worth is discoverable. If Defendant stipulates that it will not raise a defense of economic infeasibility, detailed financial discovery beyond the audited net worth statement will not be allowed.

### July 29, 1996

This case comes before the Court on Defendant EurAuPair International, Inc.'s Demurrer to Counts II to V of Plaintiffs' Motion for Judgment. At the conclusion of oral argument on July 10, 1996, the Court denied Defendant's Motion with respect to Counts II, III, and V. With respect to Count IV, the Court took under advisement the issue of whether Plaintiffs' Motion for Judgment sufficiently pleads the requisite element of "reliance" necessary to prevail on a cause of action for fraud and whether Plaintiffs are precluded from recovering damages under the Virginia Consumer Protection Act or Virginia Code § 18.2-216.

### Reliance

In Virginia a cause of action for actual fraud is established by allegation and proof of the following: (1) a false representation, (2) of material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled. *Winn v. Aleda Constr. Co.*, 227 Va. 304, 308 (1984). Additionally, unlike the mere "notice" pleading required for most Virginia causes of action, allegations supporting a cause of action for fraud must be pleaded with specificity. *Mortarino v. Consultant Eng. Services*, 251 Va. 289, 295 (1996).

EurAuPair contends that because Brenton Devonshire ("Brenton") was only two days old at the time the alleged misrepresentations were made to his parents, as a matter of law, he can neither plead nor maintain a cause of action for fraud as a newborn is mentally incapable of relying upon any statement. Therefore, EurAuPair argues, Plaintiffs have not pleaded the requisite element of reliance necessary to recover damages for fraud. Plaintiffs concede that Brenton may not specifically have relied upon EurAuPair's misstatements, but they contend that allegations of reliance by Brenton's parents, coupled with the resulting foreseeable effect of this reliance on Brenton, satisfy the reliance requirement.

Neither the Virginia Court of Appeals nor the Virginia Supreme Court have addressed the issue of whether an infant can assert an individual fraud claim based on reliance by the infant's parents and resulting harm to the child. However, § 311 of the Second Restatement of Torts provides:

§ 311. Negligent Misrepresentation Involving Risk of Physical Harm
(1) One who negligently gives false information to another is subject to liability for physical harm caused by action taken by the other in reasonable reliance upon such information, where such harm results . . . .
(b) to such third persons as the actor should expect to be put in peril by the action taken . . . .

Comment (b) to § 311 explains that application of this section is especially appropriate in situations "where it is the actor's business or profession to give information upon which the safety of the recipient or a third person depends." Although this section specifically applies to actions based upon negligent misrepresentation, its rationale applies with equal force to actions based upon intentional misrepresentations such as those alleged in the case at hand. The Court holds that the rationale of the Restatement has particular applicability in this case, and therefore, EurAuPair's Demurrer to Count IV of Plaintiffs' Motion for Judgment is denied.

*Recoverability of Damages*
*Under the Virginia Consumer Protection Act*

Pursuant to Virginia Code § 59.1-204, any person who suffers loss as a result of another's violation of the Virginia Consumer Protection Act is entitled to recover "actual damages, or $500.00, whichever is greater." EurAuPair contends that a clear reading of this provision reveals that in enacting this statute, the General Assembly intended to permit recovery for pecuniary losses only, not damages for bodily injuries. The Court. agrees and therefore holds that Plaintiffs are not entitled to recovery of damages in this case pursuant to the Virginia Consumer Protection Act.

*Recoverability of Damages*
*Pursuant to Virginia Code § 18.2-216*

EurAuPair contends that Plaintiffs are not entitled to recover damages for alleged violations of Va. Code § 18.2-216, a criminal statute imposing liability as a Class 1 misdemeanor for deceptive advertisement. In *Vansant & Gusler, Inc. v. Washington*, 245 Va. 356 (1993), the Virginia Supreme Court held that no private right of action for damages exists as a result of

alleged violations of a criminal statute, absent specific authorization by that statute. In so holding, the Court stated: "[When] a statute creates a right and provides a remedy for the vindication of that right, then that remedy is exclusive unless the statute says otherwise." *Id.* at 360 (citations omitted). As Va. Code § 18.2-216 provides no such authorization, this Court holds that Plaintiffs are not entitled to damages based on alleged violations of that statute, and to the extent Plaintiffs' Count IV seeks damages on that ground, EurAuPair's Demurrer is granted.