## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Maynard Lambert, Jr.

    v.

Downtown Garage, Inc., et al.

July 28, 1998

Case No. CL97-372

BY JUDGE WILLIAM H. LEDBETTER, JR.

This claim, brought under the Consumer Protection Act for personal injuries sustained by the plaintiff when the automobile he purchased from the defendants caught fire, is again the subject of a demurrer.

### Background

On demurrer, the court considers as true all material facts properly pleaded, facts impliedly alleged, and facts that may be fairly inferred from the allegations. *Luckett v. Jennings*, 246 Va. 303 (1993). Therefore, the facts set forth in this opinion are those contained in the plaintiff's pleading.

The facts of the case are detailed in the opinion letter dated November 25, 1997, in which the court sustained the defendants' demurrer to the original motion for judgment There, the court held that the plaintiff had alleged "no nexus or causal connection between the defendants' fraudulent representations and the events that resulted in Lambert's [the plaintiff's] injuries."

Thereafter, the plaintiff filed an amended motion for judgment. In it, he elaborates upon the representations made to him by the defendants; the cause of the fire; and the connection between the representations and the fire, which resulted in his injuries.

Upon a review of the amended motion for judgment, the court is of the opinion that the plaintiff now has alleged sufficient facts to overcome the

"causation" deficiencies that made the first pleading demurrable. Accordingly, the plaintiff is entitled to prove the causal connection that he has pleaded.

Next, the defendants contend that the amended motion for judgment fails to state a claim under the Consumer Protection Act because the Act "does not create a personal action for personal injury ... ."

The Act allows any person "who suffers loss as the result of a violation" to "initiate an action to recover actual damages ... ." Virginia Code § 59.1-204. Nowhere in the Act is "loss" limited to property interests, and the defendants cite no authority for such a limitation.

Third, the defendants assert that the amended motion for judgment sets forth a claim "in the nature of common law fraud" which is not an appropriate claim under the Consumer Protection Act.

The Act declares thirty-two "fraudulent acts and practices" unlawful, § 59.1-200, and provides a civil remedy for violation. Because the Act addresses *fraudulent* acts and practices in consumer transactions, it is evident that a claim asserted under the Act will sound remarkably similar to a common law fraud claim. In fact, many aspects of tort law relating to a claim of fraud, such as causation, implicitly apply to a claim under the Act. This is so because a claim under the Act is based on some fraudulent act or practice allegedly committed in the course of a consumer transaction.

Finally, the defendants contend that the amended pleading is demurrable because the plaintiff is not the title holder and thus has no standing to assert a claim under the Consumer Protection Act. The court has ruled adversely to the defendants on that point and will not revisit it in this opinion.

For these reasons, the demurrer to the amended motion for judgment will be overruled as to all grounds asserted, and the defendants will be given twenty-one days to file a responsive pleading.