# CIRCUIT COURT OF ROCKINGHAM COUNTY

Delmer Deane

v.

Novacare Orthotics
and Prosthetics East, Inc.

November 18, 1999

Case No. 11188

BY JUDGE JOHN J. MCGRATH, JR.

This case is before this court on Defendant's demurrer to Plaintiff's Motion for Judgment. Plaintiff alleges that Defendant, Novacare, failed to deliver to plaintiff, a quadruple amputee, "working hands, wrists and arms" and that Novacare, through fraud and misrepresentation, obtained payment for such prosthetic devices from Medicare. Specifically, Plaintiff's allegations are that (1) Novacare has breached its contractual duties to provide Plaintiff with working prosthetics, (2) Novacare, by not delivering the prosthetics to Plaintiff but accepting payment for them, is guilty of tortious conversion for which Plaintiff is entitled to recover, (3) Because of Novacare's fraud and misrepresentations, Plaintiff has suffered damages, and (4) Novacare has violated the Virginia Consumer Protection Act, and as a consequence, Plaintiff is entitled to recover for "actual damages," including recovery for mental anguish, embarrassment, and inconvenience. In answer to Plaintiff's Motion for Judgment, Defendant Novacare filed a demurrer. This court will address each count of the Plaintiff's Motion for Judgment in order.

Count One alleges that Novacare has breached its contractual duties to provide Plaintiff with working prosthetics. Initially, Defendant demurred to

this count based on the punitive damages that Plaintiff was seeking. Plaintiff has since agreed that he is not seeking punitive damages for the breach of contract count, so this point is now moot and the claim will be allowed.

Count Two of Plaintiff's Motion for Judgment alleges a "tortious conversion" due to Defendant's actions of accepting payment and not delivering the product. Defendant argues, and this court agrees, that tortious conversion is not proper in this case; this is a contract case, not a tort case. Accepting Plaintiff's theory of conversion would mean that every time a merchant receives payment without delivering a product, he would be liable for tortious conversion. It is the opinion of this court that the correct legal action lies in contract, not tort, and as such, will grant Defendant's demurrer to this count.

Count Three of Plaintiff's Motion for Judgment is an action for fraud. This court is aware of both *Richmond Metropolitan Auth. v. McDevitt Street Bovis, Inc.* (stating that a breach of contractual duty does not give rise to a claim for constructive or actual fraud) and the *Hitachi Credit v. Signet Bank* exception to the *Richmond Metropolitan Auth.* rule (finding that fraud in the inducement is an exception to *Richmond Metropolitan Auth. v. McDevitt Street Bovis, Inc.*). See *Richmond Metropolitan Auth. v. McDevitt Street Bovis, Inc.*, 256 Va. 553, 507 S.E.2d 344 (1998); *Hitachi Credit v. Signet Bank*, 166 F.3d 614 (4th Cir. 1999). However, although an argument can be made that the *Hitachi* exception might apply to this case, the actual victim of the fraud here was Medicare, not the plaintiff. Medicare is the entity that actually paid out the money to Novacare, not the Plaintiff. Because of this, Plaintiff has no standing to assert a fraud claim against Defendant, and Defendant's demurrer to this count will be sustained.

Finally, Count Four of Plaintiff's claim asserts that Defendant violated the Consumer Protection Act. While Defendant does not contend that Plaintiff has not stated a cause of action for a violation of the Consumer Protection Act, he does contend that Plaintiff is only entitled to "actual damages" in the form of pecuniary loss; not damages for "mental anguish, embarrassment, [or] inconvenience" as Plaintiff has alleged. In 1996, the Circuit Court of Fairfax County found that "[p]laintiffs are not entitled to recovery of damages [for bodily injuries] … pursuant to the Virginia Consumer Protection Act." *Devonshire v. EurAuPair Int'l, Inc.*, 40 Va. Cir. 149 (Fairfax 1996) (Smith, J.); but see *Lambert v. Downtown Garage, Inc.*, 47 Va. Cir. 88 (Spotsylvania 1998) (Ledbetter, J.). This court agrees; even considering the remedial nature of the statute and the fact that it should be broadly construed, this court feels that a fair reading of the Consumer Protection Act indicates that the "actual damages" allowed by it are limited to only those pecuniary, out-of-pocket

losses that Plaintiff has sustained. An action for a violation of the Consumer Protection Act is not the correct avenue to recover other "personal injury" damages. These damages can be, and should be, recovered in a products liability case. Therefore, this court will not allow a Consumer Protection Act claim to be turned into a tort claim for product liability. Therefore, Defendant's demurrer to Count Four is granted in part and denied in part. Because Plaintiff has stated a valid cause of action, Count Four will be heard; however, Plaintiff must limit his damages to only those pecuniary losses he incurred.

The Clerk of the Court is directed to send certified copies of this order to Timothy E. Cupp, Esq., counsel for Plaintiff, and Mark E. Feldmann, Esq., counsel for Defendant.