# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

John Doe
and Jane Doe
et al.

v.

Roe School et al.

June 3, 2005

Case No. CL04-103

By Judge Edward L. Hogshire

This letter addresses the issue of whether an infant third-party beneficiary to a contract is entitled to maintain a cause of action for fraud. The question was raised in Oral argument on May 10, 2005, regarding Defendants' demurrers to Plaintiffs' Amended Motion for Judgment, and addressed in the parties' Supplemental Memoranda. For the reasons articulated below, this Court finds that Plaintiff Child Doe may in theory recover on the fraud claim, and the relevant demurrers therefore remain overruled.

*Procedural History*

John, Jane, and Child Doe ("Plaintiffs") filed the instant case on June 7, 2004, alleging eleven counts against Roe School, School Director, Jane Roe, and School Psychologist, Dr. Roe ("Defendants"). These included: negligence, negligence per se, negligent infliction of emotional distress, battery, violation of Title IX, actual and constructive fraud, common law conspiracy to commit fraud, breach of contract, punitive damages, and violation of the Virginia Consumer Protection Act. A hearing was held on August 18, 2004, concerning Defendants' demurrers and Motion to Dismiss Child Doe's case. The Court ruled on these issues on November 15, 2004, overruling some demurrers and sustaining others, and dismissing Child Doe's case without prejudice to re-file.

On December 8, 2004, a Protective Order of Confidentiality was filed by the Court. Plaintiffs repleaded various counts on January 3, 2005, and Defendants again demurred. On January 27, 2005, the Court entered a Consent Order consolidating the case. The Court then held a hearing to consider the demurrers on May 10, 2005, whereupon orders were issued on the various counts. Although the Court overruled demurrers on the counts of actual and constructive fraud and violation of the Virginia Consumer Protection Act, it allowed the parties to submit briefs on the issue of an infant third-party beneficiary's ability to recover under a fraud claim and accordingly allowed for further consideration of those claims.

## Statement of Facts

In 2002, John and Jane Doe enrolled their eight year-old daughter, Child Doe, as a boarding student at the Roe School, a specialized school for learning disabled students. (Motion for Judgment [hereinafter MFJ], 1, 6.) Child Doe, who suffers from a birth-acquired brain injury, participated in a summer program and began the academic year at the School the following fall. (MFJ, 5-6.) The Plaintiffs allege that because of financial considerations triggered by Roe School's lower-than-average enrollment that year, the School intentionally misrepresented both its enrollment availabilities and its ability to care for Child Doe, given her sensitive age and condition, during pre-matriculation discussions with the Does. (MFJ, 17, 20-23.) As a result of these deficiencies, they claim that Child Doe was insufficiently cared for at the Roe School, as was evidenced in the first instance by such allegations as her poor hygiene, physical exhaustion, and various minor injuries. (MFJ, 34.)

The Plaintiffs allege that Child Doe was sexually assaulted by her female roommate in the laundry facility of the School in October of 2002. (MFJ, 36.) Despite Child Doe's reporting of the incident to Roe School authorities, no action was taken, and the School notified John and Jane Doe of the abuse only incidentally upon the parents' visit to the School. (MFJ, 39-40, 43.) The Does claim that, although both they and Child Doe's psychologist warned the school that a greater degree of care was required, the situation was not improved, and the next month Child Doe was again sexually assaulted by another student, this time in her dormitory bed. (MFJ, 44-46, 53.) Again, the Roe School allegedly took no action in response to Child Doe's reporting of the incident, and the parents were only alerted by accident. (MFJ, 54-58.)

As a result of these alleged instances of abuse, Child Doe asserts the injuries of pain, humiliation, embarrassment, mental anguish, and personal injury, as well as past and future medical and counseling expenses. (MFJ, 63-64.)

## Question Presented

Whether an infant third-party beneficiary may assert an individual fraud claim based on reliance by the infant's parents and resulting harm to the child.

## Standard of Review

For the purposes of a demurrer, the facts as stated in Plaintiff's Motion for Judgment will be taken as true and correct. The facts admitted are those expressly alleged, those which fairly can be viewed as impliedly alleged, and those which may be fairly and justly inferred from the facts alleged. *Rosillo v. Winters*, 235 Va. 268, 270 (1988) (quoting *Ames v. American National Bank*, 163 Va. 1, 37 (1934)). A more rigorous pleading requirement is imposed for causes of action involving fraud. *See, e.g., Ciarochi v. Ciarochi*, 194 Va. 313, 315 (1952) ("Where fraud is relied on, the [pleading] must show specifically in what the fraud consists, so that the defendant may have the opportunity of shaping his defence accordingly, and, since [fraud] must be clearly proved, it must be distinctly stated.").

A demurrer, unlike a motion for summary judgment, does not allow the court to evaluate and decide the merits of a claim but instead tests the sufficiency of the factual allegations to determine whether the motion for judgment states a cause of action. *Fun v. Virginia Military Inst.*, 245 Va. 249, 427 S.E.2d 181 (1993). A demurrer will be sustained when the pleading does not state a cause of action or fails to state facts upon which the relief demanded can be granted. Va. Code § 8.01-273.

## Analysis

The necessary elements for actual fraud have been well established by the Virginia Supreme Court, and consist of: (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled. *See e.g., Cohn v. Knowledge Connections, Inc.*, 266 Va. 362, 367 (2003) (listing these requirements and noting that constructive fraud differs from actual fraud in that the misrepresentation is made innocently or negligently); *Winn v. Aleda Const. Co.*, 227 Va. 304, 308 (1984). Therefore, Plaintiffs must allege each of these elements in their Motion for Judgment in order to state a claim of fraud upon which relief can be granted and consequently survive demurrer. (The heightened pleading requirements for fraud are satisfied in this case by the Court's order of November 15, 2004, requiring Plaintiffs to

provide Defendants with specific information regarding the allegedly fraudulent statements in their answers to the first set of interrogatories.)

In the present case, Defendants argue that, because Child Doe is an infant, she could not have relied upon any misrepresentations allegedly made by Defendants; consequently, she could not have been injured as a result of such statements. (Defendants' Supplemental Memorandum in Support of Demurrer [hereinafter DSM], 2.) Defendants rightfully state that a contract to which a mentally incompetent individual is a party is voidable and only binding upon that party's election, *see e.g., Upton v. Hall*, 225 Va. 168, 173 (1983); *Edmunds v. Chandler*, 203 Va. 772, 778 (1962), and therefore assert that an infant is legally unable to demonstrate the requisite reliance upon the contract for purposes of a claim of fraud. The fifth and sixth elements of the requirement, then, are purportedly left unsatisfied, and the causes of action based upon fraud are subject to demurrer. (DSM, 2.)

The Virginia appellate courts have yet to address the specific issue of whether an infant who is a third-party beneficiary to a contract may demonstrate reliance for the purposes of an individual claim of fraud. In *Devonshire v. EurAuPair Int'l*, 40 Va. Cir. 149 (Fairfax County 1996), the court was faced with facts analogous to those at bar, where the injured plaintiff bringing a claim for fraud was only two days old at the time that the alleged misrepresentations were made to and relied upon by his parents. *Id.* at 150. In recognizing the lack of precedent on the issue, the Fairfax County Circuit Court turned to the Restatement of Torts (Second) for guidance. *Id.* at 151. The Restatement reads in relevant portion:

> One who negligently gives false information to another is subject to liability for physical harm caused by action taken by the other in reasonable reliance upon such information, where such harm results . . . to such third persons as the actor should expect to be put in peril by the action taken.

*Restatement of Torts 2d*, § 311.

The court construed the language to apply equally to instances of actual fraud, *Devonshire*, 40 Va. Cir. at 151, and utilized the Restatement's comments to indicate its particular application to cases "where it is the actor's business or profession to give information upon which the safety of the recipient or a third person depends." *Restatement of Torts 2d*, § 311, Comment (b). Overruling the demurrer, the *Devonshire* court held that reliance on the part of the infant's parents, coupled with foreseeable injury to the child, was sufficient to state a valid cause of action. 40 Va. Cir. at 151.

Although neither the Restatement nor the circuit court opinion is binding on this Court, both provide persuasive guidance in the absence of controlling authority. In the instant case, Defendants are conducting a business in which they are bound to give information upon which the safety of third persons, boarding students, depends. Indeed, under the facts pleaded, Defendants should have expected that Child Doe would have been "put in peril" by their alleged actions. Therefore, the Plaintiffs have properly pleaded the requisite elements of fraud, including reliance on the part of John and Jane Doe and resulting harm to Child Doe.

This Court has also considered Defendants' argument regarding Count VI: Conspiracy to Commit Civil Fraud. Defendants maintain that Plaintiffs wish to improperly establish the tort of fraud (as a predicate to a civil conspiracy) based upon a mere breach of contract. (DSM, 3.) While the case law offered in support of this position is persuasive, the instant case is distinguishable insomuch as Plaintiffs have sufficiently pleaded the underlying tort of fraud, as explained above, and they have not limited their allegations of conspiracy solely to actions taken by Defendants subsequent to and dependent upon the commencement of a contractual duty. (MFJ, 128-31.)

*Conclusion*

In accordance with the foregoing analysis, this Court declines to revisit its previous holdings and overrules Demurrers on Count V: Actual and Constructive Fraud, Count VI: Common Law Conspiracy to Commit Fraud, and Count X: Violation of the Virginia Consumer Protection Act.