## CIRCUIT COURT OF CULPEPER COUNTY

B.E.L.,
a minor,
by his next friend,
C.E.L.

v.

Daniel L. Price et al.

December 2, 2010

Case No. 2009-L-98

By Judge John G. Berry

The Plaintiff filed his Complaint on March 5, 2009. Thereafter, Daniel L. Price filed responsive pleadings, including a demurrer and plea in bar. Counsel for the Plaintiff and Price submitted an agreed order entered on August 20, 2009, permitting the Plaintiff to file an amended complaint. The Plaintiff filed his Amended Complaint on the same day, and the Defendants Daniel L. Price and Daniel L. Price, Psy. D., P.C. (Defendants Price) filed their Answer to Amended Complaint and their Demurrer and Plea in Bar to Plaintiff's Amended Complaint on September 4, 2010. The Amended Complaint contains six separate counts and seeks compensatory and punitive damages in the amount of $570,000, triple damages, attorneys' fees, and costs pursuant to the Virginia Consumer Protection Act and pre-judgment interest. On August 24, 2010, the court heard argument on the demurrer, received the Plaintiff's notebook of authorities, and took the matter under advisement. The court has completed its review of the written arguments and authorities provided by counsel.

As noted by counsel for the Defendants Price in their Memorandum in Support of Demurrer and Plea in Bar, a demurrer tests whether the

complaint states a cause of action upon which relief can be granted. *Grossmann v. Saunders*, 237 Va. 113, 376 S.E.2d 66 (1989). The court must accept all factual allegations as true; the court must also accept as true all facts that can be reasonably inferred or fairly implied from the specific allegations. *W. S. Carnes, Inc. v. Board of Supervisors*, 252 Va. 377, 478 S.E.2d 295 (1996). This standard of liberally construing the factual allegations contained in a complaint does not require the court to accept as true bare statements of conclusion. *Yuzefovsky v. St. John's Wood Apts.*, 261 Va. 97, 540 S.E.2d 134 (2001).

The Defendants demur to Count I, the fraud count, on the ground that fraud is not pleaded with sufficient particularity. Successfully pleading fraud requires a higher degree of particularity so the party accused of fraud can shape his defense accordingly; the allegations should not be vague, indefinite, and conclusory. *Ciarochi v. Ciarochi*, 194 Va. 313, 73 S.E.2d 402 (1952); *Tuscarora, Inc. v. B.V.A. Credit Corp.*, 218 Va. 849, 241 S.E.2d 778 (1978). The Amended Complaint contains a general allegation that the Defendants Price misrepresented the status of the Defendant Davis as a legitimate holder of a doctoral degree and that Price falsely represented that Davis had the training and qualifications to counsel the Plaintiff. The allegations do not provide detail as to the nature or context of the alleged misrepresentation. For instance, did Price during discussions with the Plaintiff or his parents affirmatively state that Davis had these qualifications, or did he do so by providing the Plaintiff and his parents written material that held Davis out as having the doctoral degree and the requisite training and experience. While a plaintiff is not required to plead every fact that ultimately supports proof of fraud, the basic, requisite elements must be pleaded with more than generalizations. Even in the context of the standard for consideration of a demurrer, the court is of the view that the Plaintiff must provide more concerning the actual misrepresentation allegation so that it does not amount to a conclusion of misrepresentation as opposed to one that has factual "teeth" in it. Accordingly, the demurrer is sustained as to Count 1, the actual fraud claim.

The court also observes, in the context of the demurrer, though not the subject of express argument by the Defendant, that, in Virginia, a claim for medical expenses for treatment of a minor rests with the parents, not with the minor. The damages alleged by the Plaintiff as a part of his fraud claim include fraudulent charges to the parents and "additional mental health costs," or costs of treatment. Since pleading fraud requires specific factual allegations that the party defrauded suffered injury and since the parents are not named parties to this action, the demurrer is also sustained as to allegations of damages properly attributable to them and not to the child B.E.L.

Count 2 alleges sexual assault and battery. The Defendant demurs to the allegations on the ground that the pleadings do not allege sufficient

facts to allow the claim to go forward. Specifically, the Defendant contends, among other things, that the Plaintiff must plead facts showing that the actions of Davis in touching the Plaintiff's genitals were intentional and with lascivious intent. As a general proposition, the case law suggesting that sexual assault and battery is a recognized cause of action in Virginia indicates that facts must be alleged expressly claiming lascivious intent or that inference must be available from the allegations. The court finds that the allegations contained in paragraphs 38 through 40, and particularly in paragraph 39, of the Amended Complaint are sufficient to allow the court to draw the reasonable inference that the touching was done with lascivious intent. It stands to reason that any touching done with lascivious intent must also be intentional. Even beyond that natural conclusion, the reasonable implication from the circumstances alleged in this case is that the touching was done intentionally, while the alleged victim was riding in a car being driven by Davis and including an incident of "grabbing" the Plaintiff while jumping on a trampoline.

The court observes that a direct allegation of lascivious intent is contained later in the Amended Complaint, but, by the pleading's express terms, that paragraph is not included in the allegations supporting Count 2.

The Amended Complaint alleges that B.E.L. was a minor at the time of the alleged sexual assault and battery. Therefore, in the context of a proper allegation of touching with lascivious intent, it is this court's view that properly pleading sexual assault and battery does not require an allegation that the touching occurred without consent, since the same is presumed in the law owing to the child's legal status. Further, here the court, aside from the child's legal status, can reasonably infer from the factual allegations made that the touching was without consent. The demurrer to the failure to plead a lack of consent by the child is overruled.

Count 3 alleges a separate tort of taking indecent liberties with a minor while the accused is in a supervisory relationship; it is rooted in the criminal offense designated in Va. Code § 18.2-370.1(A). The court does not read Va. Code § 8.01-221 as creating, or recognizing, that a cause of action exists for a violation of the indecent liberties statute in the criminal code. See *Vansant & Gusler, Inc. v. Washington*, 245 Va. 356, 429 S.E.2d 31 (1993). The factual allegations might be properly included in a claim for sexual assault and battery; however, they do not generate a separate civil claim for a violation of Va. Code § 18.2-370.1(A). Accordingly, the demurrer to Count 3 is sustained.

Count 4 alleges that the actions of Davis legally implicate the Defendants Price because of certain common law and statutory indicia of their relationship as employer and employee, sometimes referred to as that of master and servant. The court agrees with the Defendants Price that *respondeat superior* is not a separate, independent cause of action. Rather, it is a theory of liability allowing an injured party in certain circumstances

to hold the master responsible for the actions of the servant. While the allegations of master and servant may be properly considered in the context, for instance, of a properly-pleaded claim for sexual assault and battery, they have no independent standing as a means of relief. With this caveat, the demurrer to Count 4 is sustained.

Count 5 alleges, in part, that the Defendants Price negligently hired Davis. The cause of action for negligent hiring "is based on the principle that one who conducts an activity through employees is subject to liability for harm resulting from the employer's conduct if the employer is negligent in the hiring of an improper person in work involving an unreasonable risk of harm to others." *Interim Personnel v. Messer*, 263 Va. 435, 440, 559 S.E.2d 704, 707 (2002), *citing Southeast Apartments Mgmt. v. Jackman*, 257 Va. 256, 260, 513 S.E.2d 395, 397 (1999). Mere proof of the failure to investigate a potential employee's background is not sufficient to establish an employer's liability for negligent hiring. *Interim Personnel v. Messer*, 263 Va. 435, 440, 559 S.E.2d 704, *citing Majorana v. Crown Central Petroleum*, 260 Va. 521, 531, 539 S.E.2d 426, 431 (2000). The claimant's case in *Interim Personnel* ultimately failed because it lacked the foreseeability component essential to a proximate cause analysis in this context. The Defendants Price argue, in effect that, even given their failure to properly check out Davis' background and resume, it could not be foreseeable that his misrepresentations would result in a sexual assault of a patient.

The court sees the analysis here differently. In *Interim Personnel* the Court said "[w]e hold that the plaintiff failed, as a matter of law, to establish that, *because of the circumstances of the employment*, it should have been foreseeable that East posed a threat of injury to others." *Id.*, 263 Va. 435, 442, 559 S.E.2d 704, 708. (Emphasis added.) The circumstances of the employment were that it was part-time, unskilled, and clerical and light-duty in nature. Contrast those circumstances with ones in which a licensed counselor is providing mental health services to, in some instances, children and where the nature of the work is professional with skilled training and advanced education required. The Court in *Interim Personnel* went on to say that the precise injury need not be foreseen by a defendant, only that an ordinary and prudent person would recognize that an injury might probably result. *Id.* At this stage of the case, where all factual allegations and reasonable inferences from them are deemed true, the bizarre and outrageous statements of Davis concerning his background (beyond just his claim of having a Ph. D. or being a "Dr.") in the context of his writing and communication skills being completely "out of whack" for an educated professional, would have put any reasonable person on notice that he might probably cause injury to those vulnerable persons, including children, who relied on his skills as a counselor to assist with mental health services. Accordingly, the demurrer as to the claim of negligent hiring is overruled.

As to the claims that the Defendants Price negligently retained and supervised Davis, the Defendants Price's memorandum sets forth the components of a claim for negligent retention, citing *Sutphin v. United American Ins. Co.*, 154 F. Supp. 2d 906 (W.D. Va. 2001). The Amended Complaint, by direct factual allegation and by inference from those allegations, alleges that the Defendants Price delegated professional responsibilities to Davis when a reasonable person would have known that he was not licensed to perform such discretionary and professional obligations for patients and that Davis' gross and obvious embellishment about his credentials and obvious exaggeration of his background and skills placed the Defendants in a position of continuing to be on notice that Davis should not be retained in any professional capacity as a counselor, particularly of children. While short on factual specifics (as opposed to bald conclusions) for this aspect of the Plaintiff's claims, the court decides that the allegations are sufficient to survive a demurrer, so the demurrer to the claim of negligent retention is overruled. To the extent that the Plaintiff claims in his Amended Complaint that negligent supervision is a separate cause of action not subsumed by the hiring and retention claims, the demurrer is sustained. No case has been cited indicating that negligent supervision is a recognized and distinct cause of action in Virginia. Further, even assuming such a cause of action exists, there are no specific factual allegations or reasonable inferences supporting negligent supervision of an employee

Count 6 of the Amended Complaint alleges a claim under the Virginia Consumer Protection Act. The demurrer contends that the consumer transaction at issue here is the subject of a specific exclusion contained in Va. Code § 59.1-199. This argument rests on the linchpin that the practice of psychology is heavily regulated by statute and by administrative agency regulations. These general observations as set forth in the Defendants' memorandum do not point to any specific provision of any statute or regulation that takes these allegations outside of the ambit of the Act. Having reviewed the allegations of the Amended Complaint in the context of this argument, the court adopts the reasoning of The Honorable Jane Marum Roush, Judge of the Circuit Court of Fairfax County, as set out in *Humphrey v. Leewood Healthcare Center*, 73 Va. Cir. 346 (2007). The court determines that the situation described in that case is analogous to what exists here; therefore, the court overrules the demurrer on this ground.

As to the argument in the demurrer that the Plaintiff has failed to plead his claim with sufficient specificity in Count 6, the court's ruling mirrors its decision addressed earlier concerning the allegation of fraud. The demurrer to the lack of specificity in Count 6 of the Amended Complaint is sustained.

The Plaintiff is given leave to re-plead as to Counts 1 and 6 of the Amended Complaint and to re-plead Count 4 so as to incorporate the master/servant allegations into the framework of the various claims against the

Defendants Price. The court also grants him leave to re-plead the claim of negligent supervision to which the demurrer was sustained in Count 5. He shall have twenty-one days from the date of the entry of the order sustaining the demurrer to file his amended pleadings if he be so advised. In view of the nature of the claim and the basis of the court's decision, the court does not grant leave to re-plead as to Count 3 of the Amended Complaint, which shall be dismissed as a consequence of the court's sustaining the demurrer.